OPINION OF THE COURT
Timothy J. Lawliss, J.
In August of 2013, this court found that Joseph K.H. neglected his children, Joseph H. (date of birth xx/xx/2000) and Violet H. (date of birth xx/xx/2008). The findings were made upon Mr. H.’s admissions that he exposed his children to domestic violence; and that he allowed the children’s mother to care for the children, despite knowing she was abusing drugs and was mentally ill.
The original order of disposition in the 2013 action continued the children in the care of Mr. H. and placed him under the supervision of the Clinton County Department of Social Services. In late June of 2014, the court modified its order of disposition and placed both children in the care and custody of the Commissioner of the Clinton County Department of Social Services. The subject children have remained placed outside of their parents’ home since that time.
In October 2015, while the subject children remained placed pursuant to the 2013 neglect action, the Department filed a second article 10 petition (the instant petition) against Mr. H. alleging, among other things, that Mr. H. sexually abused Violet prior to her placement. On December 8, 2015, while the instant petition was still pending, but before fact-finding, Mr. H. signed judicial surrenders with respect to each of the subject children. The subject children’s mother had previously signed judicial surrenders for both children and, therefore, upon Mr. H.’s surrenders, both children were freed for adoption. On *643 December 16, 2015, the court found that Mr. H. knowingly, intelligently and voluntarily chose to default in the instant action after consulting with his attorney. Upon Mr. H.’s default, the court found that all the allegations contained in the instant petition were true, including the allegations of sexual abuse.
At the conclusion of the dispositional hearing on the instant petition, it was the opinion of the Department of Social Services, the Attorney for the Children and the court, that the subject children’s best interest would be served by the issuance of an order of protection directed towards Mr. H. keeping him away from the subject children until their eighteenth birthdays. The question addressed here is, may the court do so?
The only provision contained in article 10 that authorizes the issuance of an order of protection which would last for the duration of the children’s infancy (over 10 years) is Family Court Act § 1056 (4), which provides as follows:
“The court may enter an order of protection independently of any other order made under this part, against a person who was a member of the child’s household or a person legally responsible as defined in section one thousand twelve of this chapter, and who is no longer a member of such household at the time of the disposition and who is not related by blood or marriage to the child or a member of the child’s household. An order of protection entered pursuant to this subdivision may be for any period of time up to the child’s eighteenth birthday and upon such conditions as the court deems necessary and proper to protect the health and safety of the child and the child’s caretaker.”
In this case, Mr. H. was a person who was a member of the subject children’s household at the time of the abuse and neglect. As the subject children currently reside in foster care, Mr. H. is no longer a member of the subject children’s household. Except for the subject children themselves, there is no one in the subject children’s foster home who is related by blood or marriage to Mr. H. Notwithstanding these facts, a literal reading of Family Court Act § 1056 (4) would preclude the issuance of an order under this subdivision because Mr. H. is the biological father of the subject children, and therefore, is “related by blood” to the subject children.
The court rejects such a literal reading. When a parent signs a judicial surrender pursuant to Social Services Law § 383-c *644 (3), the parent gives up all rights to have custody of, visitation with, speak with, write to or learn about the child forever. (See Social Services Law § 383-c [3] [b].) The purpose of the limitations imposed by Family Court Act § 1056 (4) is to prevent draconian orders from being issued where an ongoing parental relationship exists, not to create rights for biological parents who have signed judicial surrenders forsaking all their parental rights. Given that Mr. H. has signed a judicial surrender with respect to both children, the court holds that the limitation contained in Family Court Act § 1056 (4) for blood relatives is inapplicable.
To hold otherwise might violate the children’s rights under the Equal Protection Clause of the United States Constitution. If the subject children had been Mr. H.’s adopted children, and therefore, not related by blood, the adopted children would be entitled to receive the longer protection of Family Court Act § 1056 (4). Thus, if read literally, Family Court Act § 1056 (4) creates two classes of children: adopted children and biological children. Assuming, without finding, that this classification does not require heightened (strict or intermediate) scrutiny, there is still no rational basis related to any governmental purpose for the law to afford greater protection to an adopted child than a biological child after the child’s parents have signed judicial surrenders. (See generally Clark v Jeter, 486 US 456 [1988].) Obviously, the objective of article 10 of the Family Court Act is to protect children. Once a parent signs a judicial surrender and the legal parent-child relationship is terminated, the methodology in which the prior parent-child relationship was established, by birth or by adoption, is irrevelant to the objective of child protection. (See generally Lehr v Robertson, 463 US 248 [1983]; compare Johnson v Califano, 656 F2d 569 [10th Cir 1981] [distinction for purpose of child’s benefits under the Social Security Act between certain adopted children versus natural children had a rational basis in avoiding possible fraud].)
In conclusion, as a result of Mr. H. surrendering all his rights to the subject children and to avoid an interpretation which could result in a violation of the children’s rights under the Equal Protection Clause of the United States Constitution, this court concludes that it does have the authority to issue an order of protection directed against Mr. H. until each of the subject children’s eighteenth birthdays and shall do so.